OPINION JUDGMENT ENTRY
{¶ 1} Plaintiffs-appellants/cross-appellees Herbert and Tammy Barlow ("Barlows") appeal the November 22, 2003 jury verdict of the Stark County Court of Common Pleas in favor of defendants-appellees/cross-appellants Robert Welling and Katherine Welling on their claims for intentional interference with contractual relations pertaining to their (Barlows') wedding, as well as, that portion of the June 5, 2003 Judgment Entry of the Stark County Court of Common Pleas denying their motion for a new trial on said claims. Defendants-appellees/cross-appellants Robert and Katherine Welling ("Wellings") appeal that portion of the June 5, 2003 Judgment Entry granting appellants/cross-appellees Barlows' motion for new trial on the Wellings counterclaim for trespass.
 STATEMENT OF THE FACTS AND THE CASE
{¶ 2} On July 11, 1999, appellants/cross-appellees Herbert and Tammy Barlow were married in an outdoor wedding which took place at Lakeside Center, a wedding and banquet facility, owned by Lauri Weinfeld. Weinfeld contracted with appellants for the use of Lakeside Center for their outdoor wedding and reception.
{¶ 3} Appellees/cross-appellants Robert Welling and Katherine Welling own two parcels of real property immediately adjacent to Weinfeld's residence and Lakeside Center.
{¶ 4} Upon the arrival of Herbert Barlow for his wedding, the Wellings began starting up a leaf blower. As soon as the wedding started, they began simultaneously operating a leaf blower, hedge trimmer and a lawnmower. The noise continued throughout the wedding ceremony, and ended when the ceremony ended. The volume of the noise affected the wedding, and the Barlows had to move closer to the minister to hear the vows.
{¶ 5} Several of the wedding guests approached the Wellings' property to ask them to stop the noise. A confrontation ensued, resulting in security and the Perry Police Department intervening. The Barlows remained on the gazebo throughout the entire ceremony, and they did not request their guests confront the appellees. At no time did appellants themselves trespass on the Wellings' property though some of their guests did.
{¶ 6} The entire event was captured on videotape, which videotape was introduced at trial. The tape showed Tammy Barlow visibly upset and crying. Further, appellant Herbert Barlow testified he would never forget the events of the wedding day. He also testified appellees' actions affected him both financially and emotionally. The Barlows spent over $5,000.00 in expenses related to the wedding.
{¶ 7} On October 26, 1999, the Barlows filed a complaint alleging intentional interference with contractual relations against the Wellings, seeking to recover their wedding expenses. The Wellings filed an answer and counterclaim for trespass against the Barlows, as well as, a third party complaint against Weinfeld. The case was eventually consolidated with a separate multi-count tort action filed by Weinfeld against the Wellings.
{¶ 8} The case proceeded to jury trial, and on November 22, 2002, the jury returned a general defense verdict on the Barlows' claims against the Wellings. The jury rendered a compensatory damage award of $10.00 and a punitive damage award of $400.00 on the Wellings' trespass counterclaim against the Barlows.
{¶ 9} On December 6, 2002, the Barlows filed a motion for judgment notwithstanding the verdict, and a motion for new trial. On June 5, 2003, the trial court granted the motion for a new trial solely as to the issue of trespass, but denied the motion for judgment notwithstanding the verdict on their claim against the Wellings.
{¶ 10} The Barlows now appeal the November 22, 2002 jury verdict in favor of the Wellings, as well as the June 5, 2003 Judgment Entry. The Barlows assign the following as error:
{¶ 11} "I. The jury's verdict as to appellant barlows claims against appellees was against the manifest weight of the evidence.
{¶ 12} "II. The trial court abused its discretion in denying appellant barlows' motion for a new trial as to all claims against the appellees."
 I
{¶ 13} In the first assignment of error, the Barlows maintain the jury's verdict was against the manifest weight of the evidence. The Barlows argue there was overwhelming evidence presented at trial the Wellings purposefully disrupted and ruined the outdoor wedding by running multiple pieces of lawn equipment to simultaneously correspond with the wedding ceremony. They maintain, despite the obvious conduct of the Wellings captured on numerous videotapes introduced at trial, as well as the overwhelming testimony of the minister performing the ceremony, a police officer working security, Herb Barlow himself and others, the jury inexplicably found in favor of the Wellings. The Barlows argue the jury clearly lost its way given the overwhelming evidence at trial.
{¶ 14} The torts of interference with business relationships and contract rights generally occur when a person, without a privilege to do so, induces or otherwise purposely causes a third person not to enter into, or continue a business relation with another or not to perform a contract with another. A B-AbellElevator Co. v. Columbus/Cent. Ohio Bldg. Constr. TradesCouncil (1995), 73 Ohio St.3d 1, 14. The elements of tortious interference with a contract right are (1) a contractual relationship; (2) the tortfeasor's knowledge thereof; (3) an intentional interference causing a breach or termination of the relationship; and (4) damages resulting therefrom. **963 DiamondWine Spirits, Inc. v. Dayton Heidelberg Distrib. Co., Inc.,148 Ohio App.3d 596, 2002-Ohio-3932.
{¶ 15} Based on the above, we find the Barlows have failed to demonstrate the Wellings' intentional interference caused a breach or termination of their contractual relationship with Weinfeld, a required element of their claim. The Barlows did not offer evidence to establish a breach by Weinfeld or termination of the contract. In fact, the evidence demonstrates Weinfeld fulfilled her obligation arising under her agreement with the Barlows. Accordingly, we do not find the jury's verdict to be against the manifest weight of the evidence, and the assignment of error is overruled.
{¶ 16} In their second assignment of error, the Barlows allege the trial court abused its discretion in denying their motion for a new trial as to all claims against the Wellings. The Barlows argue the jury's verdict and subsequent judgment cannot be sustained by the weight of the evidence.
{¶ 17} Based upon our disposition of the first assignment of error, we find this argument not well-taken and overrule the second assignment of error.
 Cross-Appeal
{¶ 18} The Wellings cross-appeal the trial court's June 5, 2003 Judgment Entry, assigning as error:
{¶ 19} "I. The trial court erred in setting aside the jury verdict and granting a new trial on defendants-appellees/cross-appellants' counterclaim for trespass."
 I
{¶ 20} Appellants/cross-appellees Barlows' contract with Lauri Weinfeld incorporates the regulations of Lakeside Center. The regulations state, "Lakeside Center guests shall confine their activities to the Lakeside Center property and at all times shall keep off of neighboring property. * * *"
{¶ 21} The contract further provides the Barlows assume responsibility for the conduct of their guests as to the regulations.
{¶ 22} It is undisputed during the wedding ceremony some of the guests went onto the Wellings' property resulting in a confrontation.
{¶ 23} The Wellings cite 1 Restatement of the Law 2d, Torts (1965) 227, Section 158, which sets forth the elements of trespass as follows:
{¶ 24} "Liability for intentional intrusions on land One is subject to liability to another for trespass, irrespective of whether he thereby causes harm to any legally protected interest of the other, if he intentionally
{¶ 25} "a) enters land in the possession of another, or causes a thing or a third person to do so, or
* * *
{¶ 26} "c) fails to remove from the land a thing which he is under a duty to remove."
{¶ 27} The Wellings rely on subsection c of the Restatement, and argue the Barlows contract with Weinfeld created a duty on the part of the Barlows to remove their guests from the Wellings property. Therefore, they maintain the jury verdict was supported by substantial competent and credible evidence, and therefore, it was an abuse of discretion for the trial court to grant the motion for new trial.
{¶ 28} We note, no Ohio court has adopted this interpretation of the Restatement asserted by the Wellings. Rather, the comments refer to sections 160 and 161 of the Restatement, respectively entitled "Failure to Remove Thing Placed on Land Pursuant to License or Other Privilege" and "Failure to Remove Thing Tortiously Placed on Land"
{¶ 29} Pursuant to the above, we conclude subsection c) of section 158 of the Restatement does not refer to the removal of persons from the property of others. Subsection c) stands in sharp contrast to subsection a), which specifically finds liability for intentionally causing a thing or a third person
to enter land of another. (Emphasis added). We find the Barlows did not intentionally violate subsection a) or c) of the Restatement.
{¶ 30} Further, assuming arguendo, the Wellings are incidental third-party beneficiaries of the contract between Lauri Weinfeld and the Barlows, the Wellings are not a party to the contract. Accordingly, the Wellings trespass claims against the Barlows based upon any duty arising out of the contract are not well-founded, and the trial court did not abuse its discretion in granting the motion for a new trial.
{¶ 31} This assignment of error is overruled.
{¶ 32} The November 22, 2002 Jury Verdict and the June 5, 2003 Judgment Entry of the Stark County Court of Common Pleas are affirmed.
Hoffman, P.J., Edwards, J. and Boggins, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the November 22, 2002 Jury Verdict and the June 5, 2003 Judgment Entry of the Stark County Court of Common Pleas are affirmed. Costs of the appeal and cross-appeal are assessed equally.